**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **FERRELL COMPANIES, INC.**, a Colorado Corporation,<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**CONSTRUCTION IMAGING SYSTEMS, INC. and CORPORATE COMPUTER SYSTEMS, INC.,** North Carolina Corporations,<br>　　　　　　　　　Defendants. | CIVIL ACTION<br><br>Civil Action No. |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW, Plaintiff, FERRELL COMPANIES, INC., by and through counsel and requests Declaratory Relief as follows:

**JURISDICTION**

1. Jurisdiction is predicated upon the Lanham Act of 1946 as amended, 15 U.S.C. § 1051 *et seq.,* and 28 U.S.C. § 1338(a), for claims concerning infringement of federal trademark rights, and for claims relating to dilution and unfair competition under 15 U.S.C. § 1125(a). Jurisdiction over all related common law and state claims, if any, is based upon the provisions of 12 U.S.C. § 1338(b).

**THE PARTIES**

2. Plaintiff, Ferrell Companies, Inc., is a valid Colorado corporation having its principal place of business within the District of Colorado at 7456 West 5th Avenue, Lakewood, Colorado 80226.

3. Upon information and belief, Construction Imaging Systems, Inc. is currently a division of Defendant Corporate Computer Systems, Inc., the survivor entity after merger with Construction Imaging Systems, Inc., are North Carolina corporations having their principal office at 3801 Westridge Circle Drive, Rocky Mount, NC 27804-3338.

## COUNT ONE
### (Complaint for Declaratory Judgment under F.R.C.P. 57 and 28 U.S.C. § 2201)

4. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

5. The claim to be addressed in this action arises under the Lanham Act of 1946 (the Lanham Act), as amended (15 U.S.C. § 1051, *et seq.*).

6. Both Plaintiff and Defendant market in interstate commerce computer software systems designed to make digital images of construction project documents.

7. On or about June 27, 2007, Plaintiff bid on and won, an expired second level domain name, CONSTRUCTIONIMAGING. Plaintiff uses the domain name to market construction document imaging systems to builders in the Web address, www.constructionimaging.com.

8. Ferrell acted in good faith in acquiring and using the second level domain name "CONSTRUCTIONIMAGING."

9. Defendant Construction Imaging Systems, Inc. alleges that it owns the service mark CONSTRUCTION-IMAGING and uses it in a Web address, www.construction-imaging.com, to market construction document imaging systems to builders.

10. In a letter dated November 2, 2007, Defendant Construction Imaging Systems, Inc. expressly charged Plaintiff with infringement of its service mark and demanded that Plaintiff cease and desist from using the domain name www.constructionimaging.com. Plaintiff is in reasonable apprehension of litigation because Defendant has threatened legal action under the Lanham Act.

11. The Trademark Office database does not show that either Defendant owns a registered service mark for CONSTRUCTION-IMAGING.

12. Plaintiff asserts that the term, "construction imaging" does not function as a source identifier. Instead, Plaintiff asserts, that the term generically or descriptively identifies a system or process widely used in the construction services industry to make and organize digital images of construction project documents.

13. By definition, the generic name of a service can not serve as a service mark because it can not identify or distinguish those services coming from a particular merchant from other services of the same kind provided by competitors. In his case, the term "construction imaging" identifies a process, method, or system used in construction imaging services. Merely adding a hyphen between the word "construction" and "image" as Defendant has done does not make the term either distinctive or a source identifier.

14. Although unregistered marks may be protected by the Lanham Act, it is well established that an unregistered mark is entitled to Lanham Act protection only if it would qualify for registration. To qualify for protection, and thus registration, the mark must either be inherently

distinctive or distinctive by virtue of acquired secondary meaning. Defendants have not shown Plaintiff that the term "construction-imaging" is inherently distinctive or distinctive by virtue of acquired secondary meaning. Accordingly, Defendants are not entitled to federal trademark protection and do not have the right to monopolize the generic or descriptive industry term.

WHEREFORE, Plaintiff prays for this Court to enter an Order:

a. Declaring the term "CONSTRUCTION IMAGING" to be a generic or descriptive term unworthy of protection under the Lanham Act.

b. Declaring that "CONSTRUCTION-IMAGING" has not acquired secondary meaning.

c. Declaring the rights and other legal relations between Plaintiff and Defendant with respect to the use of the second level domain name "CONSTRUCTIONIMAGING" and that such declaration shall have the force and effect of final judgment.

Dated this 11th day of December 2007.

*/s/Arthur T. DiMeo*
Arthur T. DiMeo, Esq.
KATZ LOOK & MOISON, P.C.
1120 Lincoln Street, Suite 1100
Denver, CO 80203
Telephone: (303)832-1900
FAX: (303) 863-0412
E-mail: adimeo@klmtaxlaw.com
Attorney for Ferrell Companies, Inc.